IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace Achievement Center for Excellence Academies' Inc. and Reginald Evans in his capacities as an Officer and Founder,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Public Charter School District,<br><br>Defendant. | C/A No. 3:23-cv-4029-JFA-SVH<br><br><br><br>**OPINION AND ORDER** |

### I.     INTRODUCTION

Plaintiffs, proceeding *pro se*, have brought this case before the Court via a "Notice of Removal." (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the notice of removal, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 5). Within the Report, the Magistrate Judge opines that the action should be remanded to state court. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiffs filed objections to the Report on August 29, 2023. (ECF No. 9). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 5).

Within the Report, the Magistrate Judge concluded that the removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court and Plaintiff has cited to no statute or case law authorizing a plaintiff or plaintiff-appellant to remove a case to federal court. Thus, remand is proper.

Within their objections, Plaintiffs cite to 28 U.S.C. § 1447. Plaintiffs appear to argue that because this statute utilizes the term "removing party" as opposed to specifically stating "defendant," any party, including a plaintiff, may remove an action to federal court. Plaintiffs' argument misses the mark. The authority for removal is found in 28 U.S.C. § 1441, which clearly states that "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Thus, Plaintiffs are incorrect that plaintiffs may remove actions to federal court. Plaintiffs have cited no support for their objection other than citing to 28 U.S.C. § 1447. Thus, this objection must be overruled.

Plaintiffs' objections also request this court to determine whether subject matter jurisdiction exists. However, because removal is improper, any determination as to subject matter jurisdiction is now moot.

### IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiffs specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 5). For the reasons discussed above and in the Report, this action is remanded back to state court. Consequently, any other motions currently pending are terminated as moot.

IT IS SO ORDERED.

October 2, 2023                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge